LAW OFFICE OF CHERYL K. COPPERSTONE, P.C.
252 WEST INA ROAD SUITE 203
TUCSON, AZ. 85704
(520) 628-8888

**CHERYL K. COPPERSTONE**
**Bar No. 015009**
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| In Re: | Case No. 4:09-bk-30898-EWH |
|---|---|
| **VINCENT J SIECKOWSKI** | **Chapter 13** |
| **TRACY L SIECKOWSKI** | **CHAPTER 13 PLAN** |
| Debtors. | |

**CHAPTER 13 PLAN AND MOTIONS**   Original Date December 15, 2009
Amended Date _____
Conduit Payments Yes

**YOUR RIGHTS WILL BE AFFECTED.** You should read these documents carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. This plan may be confirmed and become binding, and included motions may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the court.

**THIS PLAN DOES NOT ALLOW CLAIMS:** You must file a proof of claim to receive distributions under any plan that may be confirmed.

**1.      PAYMENT AND LENGTH OF PLAN**

Debtor shall pay **$50.00** per month to the Chapter 13 Trustee starting **December 31, 2009** for approximately **1** month, followed by payments of **$1,209.0**0 for **58** months. The duration of the Plan payments may be altered by the request of the Trustee without further notice. In addition, debtor shall pay **$1,422.00** per month to the Chapter 13 Trustee starting **January1st, 2010**, to be paid to the debt secured by the debtor's residence that accrue during the pendency of the Chapter 13 plan. Total amount to be paid to Trustee is set pursuant to 28 U.S.C. §586(e)(1)(B) and (e)(2), not to exceed a maximum of 10%.

**2.      PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)**

All allowed priority claims will be paid in full unless creditor agrees otherwise:

Creditor                        Type of Priority                    Scheduled Amount
Cheryl K. Copperstone    Attorney Fees
(Attorney has already received $1,226.00, along with the filing fee. The remainder due

<span style="text-align:right">through the plan is: $2,374.00</span>

This amount shall be approved separately and paid upon conversion, dismissal, or confirmation.

**3.    SECURED CLAIMS:**

**(a)    MOTIONS TO VALUE COLLATERAL AND VOID LIENS UNDER 11 U.S.C. §506**

Debtor moves to value collateral as indicated. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. Debtor moves to void the lien of any creditor with "NO VALUE" specified below.

| Creditor | Collateral | Scheduled Debt | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| | | | | | |

Adequate protection payments in the amount of $ per month shall be paid within the plan to .

In addition, see below Section 6 EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**(b)    Separately Classified Secured Claims**

| Creditor | Collateral | Debt | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| Hughes Federal Credit Union | 2005 Kingpin | paid pursuant to poc | 6.5% | Inside plan |
| Hughes Federal Credit Union | 2001 Toyota | paid pursuant to poc | 5.75% | Inside plan |
| Vantage West Credit Union | 2005 Kia | paid pursuant to poc | 5.75% | Inside plan |

Adequate protection payments in the amount of $83.61 per month shall be paid within the plan to Hughes Federal Credit Union for the 2005 Kingpin.

Adequate protection payments in the amount of $99.79 per month shall be paid within the plan to Hughes Federal Credit Union for the 2001 Toyota.

Adequate protection payments in the amount of $157.91 per month shall be paid within the plan to Vantage West Credit Union for the 2005 Kia.

| Creditor | Basis for Classification | Treatment | Amount |
|---|---|---|---|
| N/A | | paid outside plan | $ |

Debtor surrenders the following collateral. Upon confirmation, the stay is lifted as to surrendered collateral.

| Creditor | Collateral to be surrendered |
|---|---|
| | |

N/A

**4. UNSECURED CLAIMS**

**(a) Not Separately Classified**

Allowed non-priority unsecured claims shall be paid on a pro-rata basis:

Not less than $_____

Pro-rata distribution from any remaining funds.

**(b) Separately Classified Unsecured Claims**

| Creditor | Basis for Classification | Treatment | Amount |
|---|---|---|---|
| N/A | | paid outside plan | $ |

**5. CURING DEFAULT AND MAINTAINING PAYMENTS**

(a) Trustee shall pay allowed claims for arrearages, and Trustee shall pay post-petition monthly payments directly to these creditors:

| Creditor | Type of Debt or Collateral | Estimated Arrearage | Interest Rate (Arrearage) | Regular monthly Payment |
|---|---|---|---|---|
| Wells Fargo | Mortgage | $9,954.00 | 0 | inside plan |

(b) Trustee shall pay allowed claims for arrearages, and Debtor shall pay post-petition monthly payments directly to these creditors:

| Creditor | Type of Debt or Collateral | Estimated Arrearage | Interest Rate (Arrearage) | Regular monthly Payment |
|---|---|---|---|---|
| N/A | | | | |

**6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected, this includes but is not limited to automobile service contracts and/or maintenance agreements.

The following are assumed:

| Creditor | Property Description | Treatment by Debtor |
|---|---|---|
| N/A | | |

**7. OTHER PLAN PROVISIONS AND MOTIONS**

**(a) Motion to Avoid Liens under 11 U.S.C. §522(f)**

Debtor will be avoiding the following liens that impair exemptions:

| Creditor | Property Description | Treatment by Debtor |
|---|---|---|
| N/A | | |

**(b) Lien Retention**

Except as provided above in Section 3, allowed secured claim holders retain liens until the secured portion of claim is paid pursuant to the confirmed plan.

**(c)** **Vesting of Property of the Estate**

Property of the estate shall revest in Debtor upon confirmation _____/discharge __X__ .

**(d)** **Payment Notices**

Creditors and lessors provided for above in Sections 5 or 6 may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

**8.** **Debtors' Tax Statement**

All Federal and State tax returns have been filed _____ .

Federal tax return(s) not filed _____      State tax return(s) not filed _____

**9.**. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

**10.** Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

**11.** Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

**12.** If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

**13.** Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code. All property of the debtor remains vested in the estate until completion of the plan.

**14.** Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). See Local Rule 4001-1(e).

**15.** All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

**16.    Special Plan Provisions**

> The lien held by Hughes Federal Credit Union regarding the Second Mortgage shall be removed, a separate adversary to be filed

Dated: December 15, 2009              Dated: December 15, 2009

\s\                                                    \s\ State Bar No.015009
Vincent J. Sieckowski                       Cheryl K. Copperstone, Attorney for Debtor

\s\
Tracy L. Sieckowski

PLAN ANALYSIS

DEBTOR: _____

PRIOR:   Bankruptcy  ( )          Chapter 13 ( )  Date: _____

ESTIMATED LENGTH OF PLAN: _____ MONTHS

*Trustee Use*:
341(a) Meeting Date: _____
Continued: _____
Confirmed Date: _____

TOTAL DEBT PROVIDED FOR UNDER THE PLAN PLUS ADMINISTRATIVE EXPENSES

| | | | |
|---|---|---|---:|
| A. | TOTAL PRIORITY CLAIMS | | |
| | 1. UNPAID ATTORNEY FEES | $ | 2,374.00 |
| | 2. TAXES | $ | 0.00 |
| | 3. OTHER | $ | 0.00 |
| B. | TOTAL OF PAYMENTS TO CURE DEFAULTS | $ | 9,954.00 |
| C. | TOTAL OF PAYMENTS ON SECURED DEBTS | $ | 39,435.93 |
| D. | TOTAL OF PAYMENTS ON GENERAL UNSECURED | $ | 3,001.07 |
| E. | SUB-TOTAL | $ | 54,765.00 |
| F. | TOTAL MORTGAGE PAYMENTS | $ | 83,898.00 |
| G. | TOTAL TRUSTEE'S COMPENSATION | $ | 15,407.00 |
| H. | TOTAL DEBT AND ADMINISTRATIVE EXPENSES | $ | 154,070.00 |

RECONCILIATION WITH CHAPTER 7

I. INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED

| | | |
|---|---|---:|
| 1. | Value of Debtor's interest in non-exempt property | $4,000.00 |
| 2. | Plus value of Property recoverable under avoid powers | $0.00 |
| 3. | Less estimated Chapter 7 administrative expenses | $1,000.00 |
| 4. | Less amounts payable to priority creditors other than costs of administration | $0.00 |
| 5. | Equals estimated amount payable to general unsecured creditors if Chapter 7 filed | $3,000.00 |

I.  ESTIMATED DIVIDEND FOR GENERAL UNSECURED
    CREDITORS UNDER CHAPTER 7                                $3,000.00

J.  SECTION 1325(b) ANALYSIS
    1.  Amount of Line 58 of Statement of C.M.I.             $0.00
    2.  Applicable Commitment Period                         60
    3.  Amount Required to be paid to unsecured creditors    $0.00

K.  ESTIMATED DIVIDEND UNDER PLAN                            $3,001.07

• IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.

```
 1  LAW OFFICE OF CHERYL K. COPPERSTONE, P.C.
    252 WEST INA ROAD SUITE 203
 2  TUCSON, AZ. 85704
    (520) 628-8888
 3

 4  CHERYL K. COPPERSTONE
    Bar No. 015009
 5  Attorney for Debtors
```

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In Re: | In Proceedings Under Chapter 13 |
|---|---|
| VINCENT J SIECKOWSKI | Case No. 4:09-bk-30898-EWH |
| TRACY L SIECKOWSKI | **MOTION AND APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES AS AN ADMINISTRATIVE EXPENSE** |
| Debtors. | |

Cheryl K. Copperstone, attorney for the above named Debtors, hereby applies for legal fees pursuant to 11 U.S.C. §§ 330(a), 331, 503(b), and Federal Bankruptcy 2016, for legal services and expenses incurred in the representation in the above referenced case upon the grounds and for the reasons set forth below:

1. The parties agree that the attorney's fees in this case total $3,600.00 pursuant to the retainer agreement signed by the parties and pursuant to the Trustee's guidelines.

2. That the fee was based on the experience of Cheryl K. Copperstone to provide legal services in similar cases.

3. That the Applicant did previously receive from the Debtor the sum of $1,226.00 as partial compensation for its services.

4. That there remains as uncompensated legal services and out of pocket expenses due to the Applicant the sum of $2,374.00.

5. That the Applicant ought to be compensated and paid as an administrative expense from the Chapter 13 Plan the sum of $2,374.00 and which sum should be paid as an Administrative Expense.

6. That the Attorney's Fees should be paid upon confirmation, dismissal, or conversion of the case.

**WHEREFORE,** the Applicant requests that the Court enter its order awarding total attorney's fees to be paid through the plan in the amount of $2,374.00 be paid through the plan upon confirmation, dismissal, or conversion.

**RESPECTFULLY SUBMITTED** this 15th day of December, 2009.

\s\ State Bar No. 015009
Cheryl K. Copperstone
Attorney for Debtors

Agreed as to form and content:

\s\
Vincent J. Sieckowski

\s\
Tracy L. Sieckowski